

ENDORSED ORDER

Plaintiff is to advise the court and defendants' attorney within two weeks of his current mailing address. The deadline for defendants to respond to the complaint is extended to May 28, 2008. If plaintiff has received the releases mailed to him by defendants, he is to sign and return them by May 18. If he has not received them, he is to advise defendants' attorney and the court promptly.

[signature] 4/25/8

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

BRADFORD C. PATRICK
*Assistant Corporation Counsel*
Tel (212) 788-1575
Fax: (212) 788-9776

April 24, 2008

BY HAND
Honorable Michael H. Dolinger
United States Magistrate Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

Re: Reid v. City of New York, et al., 07 CV 9788 (PAC)(MHD)

Dear Magistrate Judge Dolinger:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendants the City of New York ("City") and the New York City Police Department ("NYPD") in the above-referenced action.[1] I am writing to respectfully request an order compelling plaintiff Darrius Reid to provide the outstanding releases to access plaintiff's medical records and for the unsealing of the underlying criminal records in this action by a date certain on pain of dismissal. I am also writing to respectfully request a corresponding thirty-day enlargement of time to answer or otherwise respond to the complaint from the date of defendants' receipt of the releases. Defendants' answer is currently due by April 28, 2008. I write directly to the Court because this office does not have current contact information for plaintiff, who is proceeding pro se in this matter. This is defendants' second request for an enlargement of time in this action.

    The reason for this request is that to date this office has not received the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to N.Y. Crim. P. Law § 160.50 ("§ 160.50 release") for plaintiff nor a release to access his medical records. Plaintiff alleges in the complaint that he was subjected to, inter alia, excessive force at the 14th Precinct on June 23, 2007. Pursuant to N.Y. Crim. P. Law § 160.50, all official records concerning any police activity with plaintiff were sealed by court order upon the termination of any criminal action. Furthermore, this office is unable to evaluate plaintiff's

---

[1] Defendants respectfully submit that NYPD is not a suable entity.

claims of injury for the purposes of responding to the complaint without accessing his medical records.

Defendants respectfully note that plaintiff's contact information listed on the Court's docket sheet, the Northern Infirmary Command at 15-00 Hazen St., East Elmhurst, NY 11370, does not appear to be current. A courtesy copy of defendants' February 25, 2008 letter to the Court mailed to plaintiff, as well as a March 10, 2008 piece of correspondence, was returned to sender with the word "discharge" written on the envelope. On information and belief, plaintiff is not currently incarcerated at a facility of the New York City Department of Correction.[2]

By letters dated February 7, 2008 and February 27, 2008, this office sent to plaintiff's address at the Northern Infirmary Command § 160.50 releases and medical releases. This office subsequently learned of another potential address for plaintiff from CCRB. By letter dated April 11, 2008, the undersigned forwarded the releases to plaintiff at the address obtained from CCRB, requesting that the releases be executed within seven days before seeking judicial intervention. To date, this office has received no communication from plaintiff with regard to the releases or any other matter. Defendants respectfully submit that it is plaintiff's obligation to keep the Court and defendants apprised of his current address. See Dong v. United States, No. 02 CV 7751 (SAS), 2004 U.S. Dist. LEXIS 3125, at **7-8 (S.D.N.Y. March 2, 2004) (dismissing a pro se plaintiff's claims where plaintiff failed to inform the court of his current address, causing the court to lose contact with him for two months).

In view of the foregoing, it is respectfully requested that the Court grant the within request that plaintiff be compelled to provide the requested releases by a date certain on pain of dismissal and that defendants be granted thirty days thereafter to answer or otherwise respond to the complaint.

---

[2] Defendants respectfully note that a review of the New York State Department of Correctional Services online inmate database shows that plaintiff is not currently incarcerated at a state facility.

2

Thank you for your consideration in this regard.

Respectfully submitted,

Bradford C. Patrick
Assistant Corporation Counsel
Special Federal Litigation Division

CC: BY MAIL (Address of Record)
Darrius Reid, #241-07-13328
Plaintiff Pro Se
Northern Infirmary Command
15-00 Hazen St.
East Elmhurst, NY 11370

BY MAIL (Address Obtained from CCRB)
Darrius Reid
Plaintiff Pro Se
427 Baltic St., Apt. 4E
Brooklyn, NY 11217

3