

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**BRADFORD C. PATRICK**
*Assistant Corporation Counsel*
Tel.: (212) 788-1575
Fax: (212) 788-9776

May 22, 2008

BY HAND
Honorable Michael H. Dolinger
United States Magistrate Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

ENDORSED ORDER

If defendants wish to seek dismissal of the complaint, they are to proceed by formal motion.

[signature] 5/23/08

Re: Reid v. City of New York, et al., 07 CV 9788 (PAC)(MHD)

Dear Magistrate Judge Dolinger:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendants the City of New York ("City") and the New York City Police Department ("NYPD") in the above-referenced action.[1] I am writing to respectfully request that Your Honor dismiss this action with prejudice, pursuant to Fed. R. Civ. P. 41(b), for plaintiff's failure to prosecute this action. In the alternative, defendants respectfully request a 30-day enlargement of time to answer or otherwise respond to the complaint from the date of this office's receipt of the outstanding releases in this action.[2] I write directly to the Court because this office does not have current contact information for plaintiff, who is proceeding pro se in this matter.

    As Your Honor may recall, by endorsement dated April 25, 2008, the Court Ordered plaintiff Darrius Reid to (1) provide the Court and defendants with a current mailing address within two weeks of its Order, and (2) provide this office with a release to access plaintiff's medical records and a release to unseal any underlying criminal records by May 18, 2008. To date, plaintiff has not provided this office with either of the releases or a current mailing address, nor have we received any communication from plaintiff with respect to this

---

[1] Defendants respectfully submit that NYPD is not a suable entity.

[2] Defendants respectfully note that an answer to the complaint is currently due May 28, 2008.

matter. As set forth in defendants' April 24, 2008 letter to the Court, these releases were sent to plaintiff's attention on several occasions.[3]

Pursuant to Fed. R. Civ. Pro. 41(b), the Court is invested with the discretionary authority to dismiss a complaint for failure of a plaintiff to prosecute his claims. "The Second Circuit has stated that 'the primary rationale underlying dismissal under [Rule] 41(b) is the failure of plaintiff in his duty to process his case diligently." Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) (quoting Lyell Theater Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)). Additionally, the Second Circuit held that failure to prosecute "can evidence itself [] in an action lying dormant with no significant activity to move ..." Lyell Theatre Corp., 682 F.2d at 42. Plaintiff has the ultimate obligation of moving the case to trial, and "'[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by the plaintiff.'" Id. (quoting West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. Apr. 26, 1990)). Should plaintiff fail to move his case to trial in a reasonable manner, his case may be dismissed with prejudice as a sanction for his unjustified conduct. West, 130 F.R.D. at 524. Because dismissal is a matter of the judge's discretion, the Court may, even without notice to the parties, dismiss a complaint for lack of prosecution. Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962).

As noted in defendants' April 24, 2008 letter to the Court, it appears that plaintiff may have been discharged from the Northern Infirmary Command, which is plaintiff's address of record, as many correspondences sent to that address have been returned to sender. This office has also attempted to reach plaintiff at an address obtained from CCRB. Defendants respectfully submit that plaintiff's failure to keep the Court informed of his current contact information evinces a lack of interest in pursuing this matter. See Dong v. United States, No. 02 CV 7751 (SAS), 2004 U.S. Dist. LEXIS 3125, at **7-8 (S.D.N.Y. March 2, 2004) (dismissing a pro se plaintiff's claims where plaintiff failed to inform the court of his current address, causing the court to lose contact with him for two months).

In view of the foregoing, it is respectfully requested that the Court grant the within request dismissing this action with prejudice for plaintiff's failure to prosecute this case pursuant to Fed. R. Civ. P. 41(b) or, in the alternative, grant defendants 30 days from receipt of the outstanding releases to answer or otherwise respond to the complaint.

---

[3] This office has sent these releases to plaintiff's address of record, the Northern Infirmary Command, and to an address this office obtained from CCRB.

2

Thank you for your consideration in this regard.

                                                 Respectfully submitted,

                                                 */s/ Bradford C. Patrick*

                                               Bradford C. Patrick
                                               Assistant Corporation Counsel
                                               Special Federal Litigation Division

CC:    BY MAIL (Address of Record)
          Darrius Reid, #241-07-13328
          Plaintiff Pro Se
          Northern Infirmary Command
          15-00 Hazen St.
          East Elmhurst, NY 11370

          BY MAIL (Address Obtained from CCRB)
          Darrius Reid
          Plaintiff Pro Se
          427 Baltic St., Apt. 4E
          Brooklyn, NY 11217