Index No. 07 Civ. 9788 (PAC)(MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRIUS REID,

            Plaintiff,

    -against-

NEW YORK CITY, NEW YORK POLICE
DEPARTMENT, 5 JOHN DOE POLICE OFFICERS
FROM 14TH PRECINCT,

            Defendants.

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE COMPLAINT PURSUANT TO
FED. R. CIV. P. 37(b)(2) AND 41(b)**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
 *Attorney for Defendants City of New York and*
 *New York City Police Department*
 *100 Church Street*
 *New York, N.Y. 10007*

Of Counsel:  Bradford C. Patrick
Tel:  (212) 788-1575

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

DARRIUS REID,

                                      Plaintiff,    07 CV 9788 (PAC)(MHD)

        -against-

NEW YORK CITY, NEW YORK POLICE DEPT, 5
JOHN DOE POLICE OFFICERS FROM 14TH
PRECINCT,

                                      Defendants.

-----------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 37(b)(2) AND 41(b)

### Preliminary Statement

Plaintiff Darrius Reid, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging a deprivation of his constitutional rights. Specifically, plaintiff alleges that he was assaulted by five officers from the New York City Police Department's 14th Precinct on or about June 23, 2007. In his complaint, plaintiff names the City of New York, the New York City Police Department and unidentified police officers as defendants.

Defendants City of New York and New York City Police Department now submit this memorandum of law in support of their motion to dismiss the complaint pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure on the grounds that plaintiff has failed to prosecute this case.[1]

---

[1] Defendants respectfully submit that the New York City Police Department is a non suable entity.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about November 5, 2007, plaintiff, proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that he was assaulted by police officers on June 23, 2007. See Copy of the Docket Sheet, Entry #2, Annexed to the Declaration of Bradford C. Patrick ("Patrick Decl.") as Exhibit "A". By application dated December 14, 2007, plaintiff requested that the Court appoint counsel, which was subsequently denied without prejudice by the Honorable Michael H. Dolinger on February 27, 2008. See Application for the Court to Request Counsel, Annexed to Patrick Decl. as Exhibit "B". On February 25, 2008, the Office of Corporation Counsel respectfully requested that the Court grant an enlargement of time to answer or otherwise respond to the complaint so that the Office could investigate the allegations in the complaint, which the Court granted by Endorsement dated February 26, 2008. See Patrick Decl., Exhibit "A", Entry #6.

By letters dated February 7, 2008 and February 27, 2008, this office sent to plaintiff's address at the Northern Infirmary Command releases to access plaintiff's medical records and for the unsealing of the underlying criminal records in this action ("unsealing release"). Our office did not receive a response from plaintiff. Moreover, a courtesy copy of defendants' February 25, 2008 letter to the Court, as well as a March 10, 2008 letter to plaintiff, was returned to sender with the word "discharge" written on the envelope. See Envelopes Marked Returned to Sender, Annexed to Patrick Decl. as Exhibit "C". On information and belief, plaintiff is not currently incarcerated at a facility of the New York City Department of Correction nor a facility of the New York State Department of Correctional Services.

Thereafter, the Office of the Corporation Counsel learned of another potential address for plaintiff from a complaint filed by plaintiff with the Civilian Complaint Review Board ("CCRB"). By certified letter dated April 11, 2008, counsel for defendants forwarded to

plaintiff at the address obtained from CCRB an unsealing release and a release to access plaintiff's medical records, and requested that plaintiff execute the releases within seven days or defendants would seek judicial intervention. This office received no response from plaintiff, but was informed by the current resident that plaintiff no longer lives at this address. See id.

By letter dated April 24, 2008, defendants respectfully requested that the Court order plaintiff to provide the outstanding releases to access plaintiff's medical records and for the unsealing of the underlying criminal records in this action by a date certain on pain of dismissal. See Patrick Decl., Exhibit "A", Entry #9. A courtesy copy of this letter was mailed to plaintiff's address of record and the address obtained from CCRB. By Endorsement dated April 25, 2008, the Court ordered plaintiff to advise the Court and defendants' counsel of plaintiff's current mailing address within two weeks of Its order. Id. The Court further ordered plaintiff to return the executed releases to defendants' counsel by May 18, 2008 if plaintiff had received them, and to inform defendants' counsel if he had not received the releases. Id. This office did not receive executed releases nor did we receive any response from plaintiff.

By letter dated May 22, 2008, defendants' counsel respectfully requested that the Court dismiss plaintiff's complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). See id. at Entry #10. A courtesy copy of this letter was mailed to plaintiff's address of record and the address obtained from CCRB. By Endorsement dated May 23, 2008, the Honorable Michael H. Dolinger directed defendants "to proceed by formal method" if defendants sought to dismiss the complaint. Id. Thereafter, the Court endorsed defendants' proposed briefing schedule and granted defendants' request that the time to answer or respond to the complaint be stayed pending the resolution of defendants' motion to dismiss. Id. at Entry #11.

Defendants herein submit a motion to dismiss the complaint pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure for plaintiff's failure to prosecute this matter.

## ARGUMENT

### POINT I

**THE COMPLAINT SHOULD BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE.**

Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure give district courts the authority to dismiss cases, on motion or sua sponte, where a plaintiff fails to comply with court orders and/or fails to prosecute an action pending in a district court. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); Lyell Theatre Corp. v. Lowes Corp., 682 F.2d 37, 41-42 (2d Cir. 1982).

Rule 37(b)(2)(A) provides, in relevant part: "If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may issue further just orders. They may include the following: . . . (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; [or] (v) dismissing the action or proceeding in whole or in part."

The sanction of dismissal is appropriate when a party's failure to comply with a Court order is due to "willfulness, bad faith or any fault." See Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986) (citing Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 212 (1958)). Where such criteria are met, even a pro se litigant's claim may be dismissed. Quiles v. Beth Israel Medical Ctr., 168 F.R.D. 15, 18 (1996); Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994). The Second Circuit has held that "while pro se litigants may in general deserve more lenient treatment than those

4

represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). For practical purposes, courts have found that the factors to be addressed in a Rule 41(b) analysis are relevant to an analysis under Rule 37(b), and there is little distinction between the two. See Martinez v. E&C Painting, Inc., No. 06 Civ. 5321 (RJH), 2008 U.S. Dist. LEXIS 12832, at **7-8 (S.D.N.Y. Feb. 21, 2008) ("[A] plaintiff is obligated to prosecute his lawsuit, and if he fails to do so, dismissal may be warranted under Rule 41(b), the pertinent criteria for which largely parallel those applicable to the Rule 37 analysis"); Banjo v. United States, 95 Civ. 633 (DLC), 1996 U.S. Dist. LEXIS 10743, at *14 (S.D.N.Y. July 29, 1996) ("[I]t is appropriate to be guided by those factors which courts consider before dismissing a case under Rule 41(b) prior to dismissing the case under Rule 37").

It is well-settled that a district court has the "inherent power" to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b). Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Id. at 629-30; see also Palmieri v. DeFaria, 88 F.3d 136, 140 (2d Cir. 1996) ("a District Court may dismiss a claim with prejudice for failure to prosecute"); Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (district court may dismiss complaint under Fed. R. Civ. P. 41(b) for failure to comply with court order, treating noncompliance as failure to prosecute). Although dismissal is "a harsh remedy to be utilized only in extreme situations," Harding v. Fed. Reserve Bank of New York, 707 F.2d 46, 50 (2d Cir. 1983) (citation omitted), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides

5

meaningful access for other prospective litigants to overcrowded courts." Lyell Theatre Corp., 682 F.2d at 42.

In determining whether dismissal is appropriate, courts consider the following five factors:

> (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) whether the judge has adequately assessed the efficacy of lesser sanctions."

LeSane, 239 F.3d at 209 (2d Cir. 2001) (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)).

A plaintiff's pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law. Amnay v. Del Labs, 117 F. Supp. 2d 283, 285 (E.D.N.Y. 2000) (citing Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)). In fact, "[i]t is a well-settled and often repeated principle that 'pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them.'" Rivera v. Warden of M.C.C., 95 Civ. 3779 (CSH), 2000 U.S. Dist. LEXIS 8212, at *14 (S.D.N.Y. June 13, 2000).

In the instant case, plaintiff last took any action in this case on December 14, 2008, when he requested that the Court appoint counsel. Because over six months have elapsed since plaintiff took any steps to prosecute this case, and since plaintiff has failed to comply with the Court's April 25, 2008 Order which required him to return executed unsealing and medical releases to defendants' counsel, defendants submit that such inaction strongly warrants the dismissal of plaintiff's complaint. See Lyell Theatre Corp., 682 F.2d at 42 (2d Cir. 1982) (failure to prosecute or comply with a court order "can evidence itself either in an action lying

6

dormant with no significant activity to move it or in a pattern of dilatory tactics"); Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980) (dismissal for failure to prosecute after six months of inaction). Additionally, upon information and belief, plaintiff was released from the custody of the New York City Department of Correction at some point following the initiation of the present lawsuit. Since then, plaintiff has failed in his obligation to provide the Court with an address or telephone number at which he can be contacted. See Abah v. New York City Dep't of Transp., No. 96 Civ. 6192 (HB)(MHD), 1998 U.S. Dist. LEXIS 1555, at **17-18 (S.D.N.Y. Feb. 11, 1998) (Dolinger, Mag. J.) ("[A] litigant has an obligation to keep … the court aware of her whereabouts, and a failure to do so may itself suffice to justify dismissal, since a plaintiff's disappearance can stymie the ability of the court to manage the litigation."). Moreover, plaintiff has not responded to defense counsel's letters reaching out to him at the address defendants' counsel obtained from CCRB. These circumstances favor dismissal for failure to prosecute as plaintiff is not diligently pursuing his claim. See Dong v. United States, No. 02 Civ. 7751 (SAS), 2004 U.S. Dist. LEXIS 3125, at *8 (S.D.N.Y. Mar. 2, 2004) (plaintiff's inaccessibility for two months without notifying the Court or the Pro Se Office of a change of address "strongly suggests that he is not diligently pursuing this claim"); see also Ortiz v. United States, No. 01 Civ. 4665 (AKH), 2002 U.S. Dist. LEXIS 12621, at ** 4-5 (S.D.N.Y. July 11, 2002) (nine months of inactivity by the plaintiff and no knowledge of his whereabouts made it "impossible to proceed with this case"); Hibbert v. Apfel, No. 99 Civ. 4246 (SAS), 2000 U.S. Dist. LEXIS 9791, at *9 (S.D.N.Y. July 17, 2000) (pro se litigant has the responsibility to update the Court as to his or her whereabouts).

Moreover, defendants' counsel has repeatedly attempted to contact plaintiff at his address of record and the address defendants' counsel received from CCRB in order to obtain

executed releases. However, to date, and six months after plaintiff last took any action in this case, defendants have still not been contacted by plaintiff regarding any aspect of this litigation. In light of defense counsel's efforts and plaintiff's consistent failure to respond to both the Court's Order and to defense counsel's repeated requests, defendants submit that any further effort to provide plaintiff with notice that further delays would result in dismissal would be futile. Plaintiff has simply failed to prosecute this case.

Furthermore, plaintiff's inaction in pursuing this lawsuit has significantly prejudiced defendants. See Lyell Theatre Corp., 682 F.2d at 43 (2d Cir. 1982) (prejudice to defendants resulting from unreasonable delay may be presumed); Wilson v. Oxford Health Plans (N.Y.), Inc., No. 01 Civ. 3147 (MHD), 2002 U.S. Dist. 14073, at *9 (S.D.N.Y. July 30, 2002) (Dolinger, Mag. J.) (Court may infer prejudice to defendants where "failure to dismiss would likely leave the case pending for an indefinite period of time into the future, or at least until plaintiff changed her mind or the court lost patience."). Plaintiff's failure to provide defendants' counsel with executed medical releases has precluded defendants from obtaining plaintiff's medical records for any treatment he may have received in connection with the injuries plaintiff alleges in the complaint. Furthermore, plaintiff's persistent unresponsiveness throughout the duration of this lawsuit may make it more difficult for defendants to litigate this matter and gather witnesses and evidence to support their potential affirmative defenses. See Lyell Theatre Corp., 682 F.2d at 43 (2d Cir. 1982) (citing Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir. 1986) ("[D]elay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult.")).

On these circumstances, defendants submit that a balance has been reached between alleviating court congestion and respecting plaintiff's due process rights. Indeed,

"[w]hen a plaintiff in effect abandons her case ... her due-process right to be heard on her underlying claim is entitled to little weight in [the] analysis." Wilson v. Oxford Health Plans (N.Y.), Inc., 2002 U.S. Dist. 14073, at *10 (Dolinger, Mag. J.). It is plaintiff's responsibility to move his case toward trial, and courts have consistently held that dockets should not be taken up by cases that are not being actively pursued. See Ho Shim v. Richman, No. 90 Civ. 7373 (MGC), 1994 U.S. Dist. LEXIS 3737, at *7 (S.D.N.Y. Mar. 29, 1994) ("Half-hearted plaintiffs cannot be permitted to clog the crowded docket of the court."). Because plaintiff has taken no action since December 2007, and has not responded to the Court's Order dated April 25, 2008, defendants submit that the circumstances warrant dismissal for plaintiff's failure to prosecute. See, e.g., Myvett v. Rosato, No. 03 Civ. 2379 (LAP)(GWG), 2004 U.S. Dist. LEXIS 10952, at *9 (S.D.N.Y. June 16, 2004) (Court held that plaintiff "frittered away his fair chance by taking no action for nearly a year and specifically ignoring Court directives").

Finally, defendants submit that dismissal is appropriate under the circumstances and that it would be meaningless to issue a lesser sanction since plaintiff has not made himself available to the Court and to defendants in six months. See Myvett, 2004 U.S. Dist. LEXIS 10952, at *10 ("[I]t would be pointless to issue some lesser sanction when [plaintiff] has not made himself available to comply with a Court Order of any kind.").

Accordingly, based on the foregoing, defendants respectfully request that the Court dismiss the action for plaintiff's failure to prosecute this action pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, defendants the City of New York and the New York City Police Department respectfully request that the Court dismiss the complaint in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated:　　New York, New York
　　　　　June 18, 2008

　　　　　　　　　　　　　　　　MICHAEL A. CARDOZO
　　　　　　　　　　　　　　　　Corporation Counsel of the
　　　　　　　　　　　　　　　　City of New York
　　　　　　　　　　　　　　　　Attorney for Defendants City of New York and
　　　　　　　　　　　　　　　　NYPD
　　　　　　　　　　　　　　　　100 Church Street
　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　(212) 788-1575

　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　Bradford C. Patrick
　　　　　　　　　　　　　　　　Assistant Corporation Counsel
　　　　　　　　　　　　　　　　Special Federal Litigation Division


To:　　BY MAIL (Address of Record)
　　　　Darrius Reid, #241-07-13328
　　　　Plaintiff Pro Se
　　　　Northern Infirmary Command
　　　　15-00 Hazen St.
　　　　East Elmhurst, NY 11370

　　　　BY MAIL (Address Obtained from CCRB)
　　　　Darrius Reid
　　　　Plaintiff Pro Se
　　　　427 Baltic St., Apt. 4E
　　　　Brooklyn, NY 11217

# DECLARATION OF SERVICE

I, Bradford C. Patrick declare, pursuant to 28 U.S.C. § 1746, under the penalty of perjury that on **June 18, 2008** I served the annexed **Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 37(b)(2) and 41(b)** upon the following individual by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to the said plaintiff pro se at the address set forth herein, being the address designated by said plaintiff for that purpose, to wit:

> Darrius Reid, #241-07-13328
> Plaintiff Pro Se
> Northern Infirmary Command
> 15-00 Hazen St.
> East Elmhurst, NY 11370
>
> Darrius Reid
> Plaintiff Pro Se
> 427 Baltic St., Apt. 4E
> Brooklyn, NY 11217

Dated:   New York, NY
         June 18, 2008

_____
Bradford C. Patrick
Assistant Corporation Counsel
Special Federal Litigation

Index No. 07 Civ. 9788 (PAC)(MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRIUS REID,

                              Plaintiff,

-against-

NEW YORK CITY, NEW YORK POLICE DEPARTMENT, 5 JOHN DOE POLICE OFFICERS FROM 14TH PRECINCT,

                              Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 37(b)(2) AND 41(b)**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and*
*New York City Police Department*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Bradford C. Patrick*
*Tel: (212) 788-1575*
*NYCLIS No.2008-000753*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 200......*

*............................................................................ Esq.*

*Attorney for ............................................................*