USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 23, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DARRIUS REID,

                           Plaintiff,

              - against -

NEW YORK CITY, NEW YORK POLICE
DEPARTMENT, 5 JOHN DOE POLICE
OFFICERS FROM THE 14TH PRECINCT,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

07 Civ. 9788  (PAC) (MHD)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

On November 5, 2007, pro se Plaintiff Darrius Reid ("Reid") filed a Complaint

against Defendants City of New York, the New York City Police Department ("NYPD"),

and five unnamed NYPD officers, alleging unlawful use of force. This Court referred the

matter to Magistrate Judge Michael H. Dolinger for general pretrial. On December 14,

2007, Reid applied for the appointment of counsel. Magistrate Judge Dolinger denied

Reid's application without prejudice on February 27, 2008. It was clear from the

Complaint and Reid's submissions that he was an inmate at Rikers Island. After

February 27, 2008, Reid was released from Rikers Island and did not supply a new

address where he could be reached, as he was required to do. Magistrate Judge Dolinger

and the Defendants directed subsequent correspondence regarding the matter to Rikers

Island and to Reid's last known address in Brooklyn, but Reid never responded to this

correspondence and failed to prosecute his action.

On June 18, 2008, Defendants moved to dismiss Reid's Complaint for failure to prosecute. Defendants mailed copies of their motion to the Rikers Island and Brooklyn addresses.

On March 11, 2009, Magistrate Judge Dolinger issued a Report & Recommendation ("R&R") recommending that the Court grant Defendants' motion. Employing the five-factor test for evaluating a motion to dismiss for lack of prosecution set forth in Shannon v. General Electric Company, 186 F.3d 186, 193-94 (2d Cir. 1999), Magistrate Judge Dolinger found that: (1) Reid's failure to prosecute his case resulted in a delay of significant duration; (2) the Court and Defendants took reasonable steps to contact Reid at his last known addresses, but Reid had failed to notify them of his change of address; (3) failure to dismiss the case would likely prejudice Defendants; (4) failure to dismiss the case would crowd the Court's docket with a case that is not being actively pursued; and (5) a sanction less than dismissal would be futile given that Reid's whereabouts were unknown. (R&R at 5-8.) Pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), Magistrate Judge Dolinger provided the parties with 10 days from the date of service of the R&R to file written objections, and advised them that failure to raise timely objections would preclude challenging the R&R on appeal. (Id. at 8-9.)

In a letter dated March 17, 2009, Reid, who has evidently been re-incarcerated on Rikers Island, expressed a desire to proceed with his lawsuit. The Court treated Reid's letter as a request for an extension of time to file objections to the R&R, and accordingly granted Reid an extension until May 27. Reid filed an objection on May 26, which merely re-expressed his desire to proceed.

2

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the magistrate's recommendations, the court is required to review the contested portions de novo. Pizzaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Moreover, "[w]hen a party makes only conclusory or general objections…the Court will review the Report strictly for clear error….Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citations omitted).

Reid's objection neither challenges Magistrate Judge Dolinger's legal conclusions nor offers any factual contentions that support excusing Reid's failure to prosecute his case for well over a year. He does not explain why he failed to provide a correct address, why his suit is meritorious, or why he failed to prosecute the matter when he was at liberty. Reid apparently took no interest in his case following his release from Rikers Island, and his renewed interest appears to spring from his re-incarceration.

The Court has an obligation to assist pro se plaintiffs with the intricacies of the law. See Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984) ("In essence, a pro se litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim."); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (recognizing that "pro se plaintiffs should be granted special leniency regarding procedural matters"). That obligation, however, does not relieve pro se plaintiffs from

3

their duty to prosecute their actions. This is especially so in the present matter, where

one of the major constraints on Reid's inability to litigate (i.e., incarceration) was absent

for more than a year, during which time he did nothing to prosecute his action.

Having found no clear error, the Court adopts Magistrate Judge Dolinger's R&R

in its entirety. Defendants' motion to dismiss for failure to prosecute is GRANTED and

Reid's Complaint is DISMISSED. The Clerk of the Court is directed to close this matter.

Dated: New York, New York
     July 23, 2009

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies mailed to:

Darrius Reid
#241-08-15598
North Infirmary Command
15-00 Hazen Street
East Elmhurst, New York 11370

Bradford C. Patrick, Esq.
Assistant Corporation Counsel for the City of New York
100 Church Street
New York, New York 10007

4